NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GREGORY CHOY, | : |
| Plaintiff, | : Civ. No. 04-4097 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| WATSON WYATT & COMPANY, *et al.*, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the following motions: 1) the motion of defendants Watson Wyatt & Company and Scott Burnett (referred to collectively as "Defendants") to exclude the testimony and report of plaintiff Gregory Choy's ("Plaintiff") proposed expert and 2) Defendants' motion for summary judgment of Plaintiff's Complaint. The Court decided the motions based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion for summary judgment is granted and Defendants' motion to exclude the testimony and report of Plaintiff's proposed expert is dismissed as moot.

**I. BACKGROUND**

Plaintiff is an Asian-American male of Chinese ethnicity. In June 2001, Plaintiff began working as a Client Developer for Watson Wyatt, an international business consulting firm that focuses on human resources. On or about October 23, 2003, Plaintiff received a written warning

for poor job performance by Burnett, his direct supervisor. On or about October 24, 2003, Plaintiff submitted an internal complaint alleging racial discrimination. After allegedly not hearing anything back with respect to his internal complaint, on or about November 15, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about November 24, 2003, the EEOC served Watson Wyatt with a complaint. On or about January 29, 2004, Plaintiff was terminated by Watson Wyatt.

On August 24, 2004, Plaintiff filed his Complaint against Defendants (and another individual who was subsequently dismissed from this action), alleging claims of race discrimination, hostile work environment, and retaliation against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-15 ("Title VII"); 42 U.S.C. § 1981; and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 to -49 ("NJLAD"); and negligent investigation of discrimination complaint; negligent supervision and training; and respondeat superior liability against Watson Wyatt. On April 10, 2006, Defendants filed their motion to exclude the testimony and report of Plaintiff's proposed expert, and on April 21, 2006, Defendants filed their motion for summary judgment.

**II. DISCUSSION**

    A. <u>Standard for a Motion for Summary Judgment</u>

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Orson, Inc. v. Miramax Film Corp.</u>, 79 F.3d 1358, 1366 (3d Cir. 1996); <u>Healy v. New York Life Ins. Co.</u>, 860 F.2d 1209,

1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

> Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:
>
> > When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof on a claim.  Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put

another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Rules supplement the Federal Rules and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn

4

Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted).  "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted).  However, "the parties' L. Civ. R. 56.1 statements cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

    B.  <u>Plaintiff Failed to Demonstrate that Defendants' Proffered Nondiscriminatory Reasons for his Termination Were Pretextual</u>

Defendants' motion for summary judgment is addressed first as disposition of this motion may affect the necessity of considering Defendants' motion to exclude the testimony and report of Plaintiff's proposed expert.

Asserting a claim of disparate treatment under Title VII, Plaintiff must first prove a prima facie case of discrimination by a preponderance of evidence.  See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)(quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).[1]  To make a prima facie case of employment discrimination here, Plaintiff must prove 1) that he belongs to a protected class; 2) that he was qualified for the position; 3) that he was subject to an adverse employment action despite being qualified; and 4) under circumstances that raise an inference of discriminatory action, Defendants continued to seek out individuals with qualifications similar to Plaintiff's to fill the position.  See id. at 254 n.6; Abramson v. William Patterson College of New Jersey, 260 F.3d 265, 281-82 (3d Cir. 2001).  See also Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 352-56 (3d Cir. 1999); Sarullo

---

[1] "Analysis of a claim made pursuant to the NJLAD generally follows analysis of a Title VII claim." Schurr v. Resorts Int'l Hotel, Inc., 196 F.3d 486, 498 (3d Cir. 1999).  Therefore, the analysis of Plaintiff's Title VII claim of discrimination on the basis of race applies to Plaintiff's identical claim under the NJLAD.

v. U.S. Postal Service, 352 F.3d 789, 797-98 (3d Cir. 2003), cert. denied sub nom. Sarullo v. Potter, 541 U.S. 1064 (2004).

Once established, Plaintiff's prima facie case creates a rebuttable presumption of discriminatory intent. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993); Burdine, 450 U.S. at 254. While the ultimate burden of proof always remains with Plaintiff, the burden of production now shifts to Defendants, who must articulate a legitimate, nondiscriminatory reason for their actions. See Hicks, 509 U.S. at 507; Burdine, 450 U.S. at 253. To satisfy their burden, they must come forward with admissible evidence supporting the nondiscriminatory reason or reasons for their actions. See Burdine, 450 U.S. at 255. "The McDonnell Douglas formula is grounded in the presumption that if a rational reason for disparate treatment is not forthcoming, it is more likely than not that illegal discrimination played a role in the [adverse] decision." Chauhan v. M. Alfieri Co., 897 F.2d 123, 127 (3d Cir. 1990)(citations omitted). Once Defendants satisfy their burden, the presumption of discriminatory intent is rebutted and drops from the case. See id.

The burden of production then shifts back to Plaintiff, who must come forward with admissible evidence showing that the articulated nondiscriminatory reasons were not the true reasons for the adverse action, but merely a "pretext for discrimination." McDonnell Douglas, 411 U.S. at 804; Hicks, 509 U.S. at 507-08; Burdine, 450 U.S. at 253. "[A] plaintiff does not need direct evidence of pretext in order to survive summary judgment." Chauhan, 897 F.2d at 127 (citing Chipollini v. Spencer Gifts, Inc., 814 F.2d 893 (3d Cir.), cert. dismissed, 483 U.S. 1052 (1987)). "Instead, a plaintiff needs to be able to 'point[] to evidence which calls into question the defendant's intent.'" Id. (quoting Chipollini, 814 F.2d at 899). "In sum, the plaintiff

6

cannot rely solely on a potential finding that the defendant's explanation is implausible.  The fact that a judge or a jury might disbelieve the defendant's asserted nondiscriminatory reason is not enough, by itself, to preclude summary judgment.  Rather, the plaintiff must be able to adduce evidence, whether direct or circumstantial, from which a reasonable jury could conclude that the defendant's explanation is incredible." Id. at 128 (citation omitted).

 Defendants' moving brief focuses on asserting that the nondiscriminatory reason for Plaintiff's termination is not pretext, which suggests that Plaintiff's prima facie case of employment discrimination is undisputed.  Therefore, the Court will skip to the next step of the analytical framework where Defendants must articulate a legitimate, nondiscriminatory reason for Plaintiff's termination.  Defendants assert that Plaintiff was terminated following a ninety-day review period initiated by the written warning for poor performance because he failed to meet the requirements set forth in the warning.  (See Defs.' Br. at 7-13.)

 Defendants allege that Burnett, who began working for Watson Wyatt's New York office in March 2003 and supervised both Plaintiff and another Client Developer that was Caucasian, implemented a management tool to assist him in monitoring the Client Developers' performance. (Defs.' Br. at 7-8.)  Further, Defendants assert that Burnett required both Client Developers to submit weekly "Flash Reports" detailing their activities for the week.  (Defs.' Br. at 8.) Defendants allege that during Burnett's supervision of the Client Developers in the first quarter of fiscal year 2004, he noted some examples of deficient work performance by Plaintiff.  (See Defs.' Br. at 8-9.)  In an attempt to improve Plaintiff's performance, Defendants assert that Burnett "coached" Plaintiff.  (See Defs.' Br. at 9.)  However, Defendants assert that Plaintiff's subsequent performance did not conform to the coaching and Burnett decided to issue the written

7

warning to Plaintiff on October 21, 2003, detailing the areas in which Plaintiff's performance had been deficient over a period of seven months and placing him on a thirty-day review period. (See Defs.' Br. at 9-11.)

Defendants assert that in response to the written warning, Plaintiff submitted an internal complaint of racial discrimination, which also challenged the thirty-day review period. (Defs.' Br. at 10-11.) After being advised that a ninety-day review period was more typical, Burnett issued a new written warning on October 30, 2004, which extended the review period to ninety days and adjusting other requirements accordingly. (Defs.' Br. at 11.) Thereafter, on December 2, 2003, and January 8, 2004, respectively, Burnett prepared a 30-day and 60-day progress report on Plaintiff's performance, which both noted that Plaintiff had failed to make significant progress in meeting the requirements of the written warning. (Defs.' Br. at 12.) Consequently, Defendants assert that as a result of Plaintiff's failure to meet the requirements of the October 30, 2003, written warning, his employment at Watson Wyatt was terminated on February 3, 2004. (Defs.' Br. at 13.)

Defendants presented admissible evidence supporting their nondiscriminatory reason for Plaintiff's termination and therefore met their burden of production. As a result, to avoid summary judgment in favor of Defendants, Plaintiff bears the burden of presenting admissible evidence showing that the articulated nondiscriminatory reasons were merely pretext for discrimination. However, Plaintiff simply addressed alleged discrepancies between the written warning issued to him in October 2003 and the annual Performance Development Plans. (See Pl.'s Br. at 15-18.) Plaintiff also asserted that the absence of minority employees at Watson Wyatt could be evidence of discrimination. (Pl.'s Br. at 18.) Yet, none of Plaintiff's arguments

specifically address how Defendant's articulated reasons for Plaintiff's termination are merely pretext for discrimination. In fact, as Defendants noted, Plaintiff's deposition testimony offered support for Defendants' stated reasons when he admitted that he failed to meet certain requirements in the written warning. (Pl.'s Dep., attached to Defs.' Br. as Exhibit 1, at 269, 271-72.)

Plaintiff's only other argument of merit is that his fellow Client Developer, a Caucasian, also supervised by Burnett, received different remedial treatment than Plaintiff did prior to his termination. (Pl.'s Br. at 7-8, 9-14.) However, as both Plaintiff and Defendants note, the other Client Developer was newer to the position and therefore Defendants claim that the differential treatment was a management decision. Furthermore, Plaintiff failed to demonstrate how this was pretext for discrimination and provided nothing more than mere assertions in his argument. "Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial." Churchill v. IBM, Inc., 759 F. Supp. 1089, 1094 (D.N.J. 1991)(citing Celotex, 477 U.S. at 322). Therefore, the Court will grant summary judgment in favor of Defendants with respect to Count I of the Complaint.

C.  Summary Judgment Granted on Claims Plaintiff Failed to Contest

Defendants argue in their reply brief that Plaintiff failed to contest Defendants' motion for summary judgment with respect to Count II (hostile work environment), Count IV (negligent investigation of discrimination complaint), Count V (negligent supervision and hiring), and Count VI (respondeat superior) of the Complaint. As set forth above, pursuant to Celotex, 477 U.S. at 324, and the other cited authority, summary judgment must be granted for all properly

supported issues identified in Defendants' motion, except for those contested by Plaintiff. Although Point V of Plaintiff's opposition to Defendants' motion for summary judgment appears to contest summary judgment with respect to Plaintiff's claim of negligent investigation of discrimination complaint (Count IV), the arguments therein are not properly supported and therefore insufficient, pursuant to Celotex and Lujan, supra. With Plaintiff having otherwise filed no opposition with respect to those specific issues, summary judgment is granted with respect to Counts II, IV, V, and VI of the Complaint.

### D.  Plaintiff Failed to Present a Prima Facie Case of Retaliation

The remaining claim from Plaintiff's Complaint is the claim of retaliation (Count III), from which the Court can discern two claims requiring separate analyses. To prove a claim of retaliatory discharge, Plaintiff must show 1) a protected employee activity; 2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and 3) a causal connection between the employee's protected activity and the employer's adverse action. Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 187 (3d Cir. 2003)(citation omitted). If Plaintiff is able to establish these elements of his prima facie case, the burden then shifts to Defendants to advance a legitimate, non-retaliatory reason for its adverse employment action. Id. (citation omitted). If Defendants satisfy that burden, then Plaintiff must prove that "retaliatory animus played a role in the employer's decisionmaking process and that it had a determinative effect on the outcome of that process." Id. (citation omitted). As with the discrimination claim above, the same analysis applies for Plaintiff's claims under state and federal law. Schurr, 196 F.3d at 498.

Plaintiff also asserts in Count III that retaliation on the part of Defendants created a

hostile work environment prior to his termination. This claim involves a separate analysis in which Plaintiff must prove that 1) he suffered intentional discrimination because of his protected activity; 2) the discrimination was severe or pervasive; 3) the discrimination detrimentally affected him; 4) it would have detrimentally affected a reasonable person in like circumstances; and 5) a basis for employer liability is present. Jensen v. Potter, 435 F.3d 444, 449 (3d Cir. 2006)(citations omitted). However, Plaintiff has provided no evidence towards proving the claim of a hostile work environment due to retaliatory harassment, and the Court is left to consider solely Plaintiff's claim with respect to retaliatory discharge.

  Defendants contest the first prong and assert that Plaintiff's internal complaint following his receipt of the written warning was not a protected activity because he did not have a good faith basis to believe that he was discriminated against. As Defendants note, this Court has held that "actions for retaliatory discharge will not be successful where allegations of employer misconduct are obviously raised as a 'smokescreen in challenge to the supervisor's legitimate criticism,' rather than voiced in good faith opposition to perceived employer misconduct." Porta v. Rollins Envtl. Servs., Inc., 654 F. Supp. 1275, 1284 (D.N.J. 1987), aff'd, 845 F.2d 1013 (3d Cir. 1988)(citation omitted). Although summary judgment was denied in that case pursuant to factual disputes on that and other prongs, here, Plaintiff has failed to even present admissible evidence to support a prima facie case beyond mere assertions. Instead, Plaintiff focused upon the timing of events, specifically his filing of the internal complaint and the revised written warning that followed, evidently directed toward proving the contemporaneousness aspect of the second prong, without meeting his burden of presenting evidence as to the other prongs of the prima facie case. Consequently, Plaintiff's claim of retaliation fails and summary judgment is

granted in favor of Defendants with respect to Count III of the Complaint.

      E. <u>The Grant of Summary Judgment Renders Defendants' Motion to Exclude the Testimony and Report of Plaintiff's Proposed Expert Moot</u>

With summary judgment granted to Defendants with respect to all counts in Plaintiff's Complaint, the Court need not address Defendants' motion to exclude the testimony and report of Plaintiff's proposed expert at trial. As there will be no trial, Defendants' motion is dismissed as moot.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and Defendants' motion to exclude the testimony and report of Plaintiff's proposed expert is dismissed as moot. An appropriate form of order accompanies this Memorandum Opinion.

Dated: June 26, 2006

                                                              s/ Garrett E. Brown, Jr.
                                                              GARRETT E. BROWN, JR., U.S.D.J.